CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
07/15/2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 5:19-cr-00030-7 |
| ) | |
| ) | By: Elizabeth K. Dillon |
| COKE TAYLOR ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant Coke Taylor's *pro se* motion to amend his sentence to include a recommendation for placement in a halfway house. (Dkt. No. 510.) On April 23, 2025, Taylor appeared before this court for a supervised release revocation hearing. The court found that he had violated the conditions of his supervised release and sentenced him to fourteen (14) months of imprisonment. Taylor now requests that the court amend his sentence to include a recommendation for placement in a halfway house for the maximum duration permitted, or, at least, for a period of six months. He contends that such placement would provide him with a greater opportunity for stability and successful reintegration into the community upon his release from custody. The government has not filed a response in opposition to the motion. For the reasons stated below, his motion will be granted in part and denied in part.

I. DISCUSSION

**A. Request to Amend Sentence**

To the extent Taylor seeks to amend his sentence, his motion will be denied. Generally, a court cannot "modify a term of imprisonment once it has been imposed." *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024) (citing 18 U.S.C. § 3582(c)). Statutory exceptions exist, including: (1) upon motion by the Bureau of Prisons (BOP) or the defendant, if extraordinary and compelling reasons exist or the defendant meets specific age and time-served criteria; (2) where

modification is expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) where the defendant was sentenced under a guideline range subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c). Taylor has cited no authority permitting a modification of his sentence, and none appears to apply in this case. Accordingly, his request to amend his sentence is denied.

**B.  Request for Recommendation to the Bureau of Prisons**

To the extent Taylor request that the court issue a non-binding recommendation to the BOP for placement in a halfway house, the motion will be granted. Under 18 U.S.C. § 3621(b)(4)(B), the sentencing district court may issue a non-binding, advisory recommendation that a prisoner be placed in a halfway house. *See e.g.*, *United States v. Bryant*, 720 F. Supp. 3d 450, 455 (W.D. Va. 2024); *United States v. Smith*, No. 6:15-CR-00006-001, 2019 WL 4016211, at *3 (W.D. Va. Aug. 26, 2019) (acknowledging the district court's authority to issue a non-binding recommendation, but declining to do so, noting that the BOP is better positioned to evaluate the defendant's placement suitability based on more current and comprehensive information); *United States v. Ferguson*, No. 6:16-CR-00707-JMC-8, 2018 WL 5095149, at *3 (D.S.C. Oct. 19, 2018) (recommending that the BOP place the defendant in a halfway house for the final twelve (12) months of his sentence, while emphasizing that the recommendation is non-binding and acknowledging that the BOP retains sole discretion and is best positioned to make placement decisions).

The court commends Taylor for his efforts to prepare for a successful reentry into society. It acknowledges that the Second Chance Act authorizes the BOP to place prisoners in halfway houses for up to twelve (12) months prior to release, to provide "a reasonable opportunity to adjust to and prepare for [] reentry . . . into the community." 18 U.S.C.

§ 3624(c)(1).  While the BOP is in the best position to evaluate Taylor's suitability for halfway house placement based on his current conduct, institutional record, and readiness for such placement, the court offers this recommendation in support of Taylor's continued rehabilitation.  The court emphasizes that this recommendation is advisory only and has no binding effect on the BOP's decision-making authority.  *See* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility *shall have no binding effect* on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." (emphasis added)).

In addition, the court encourages the BOP to consider Taylor for any and all programming that supports substance use disorder treatment, rehabilitation, and reentry preparation.  If the BOP determines Taylor is an appropriate candidate for placement in a halfway house, such placement would support his reintegration by aiding in his efforts to obtain employment, secure stable housing, and reestablish family and community connections.

## II.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED as follows:

1. Taylor's Pro Se Motion to Amend His Sentence to Include a Recommendation for Placement in a Halfway House (Dkt. No. 510) is GRANTED IN PART and DENIED IN PART;

2. To the extent Taylor seeks to amend his sentence, the motion is DENIED;

3. To the extent Taylor seeks a non-binding recommendation to serve a portion of his sentence in a halfway house, the motion is GRANTED.  The court RECOMMENDS to the BOP that Taylor serve up to twelve (12) months of his sentence in a halfway

house, should the BOP determine Taylor is an appropriate candidate for such placement.

The Clerk of the Court is directed to send a copy of this order to Mr. Taylor, all counsel of record, the Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

Entered: July 15, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge